UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD C. ACORD,<br><br>                Petitioner,<br><br>        v.<br><br>KINGS COUNTS, CA,<br><br>                Respondent. | Case No.: 1:16-cv-00987-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR LACK OF HABEAS JURISDICTION (Doc. 1)<br><br>ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY-ONE DAYS<br><br>ORDERING DIRECTING CLERK OF THE COURT TO ASSIGN DISTRICT JUDGE TO CASE |

This handwritten petition does not indicate if Petitioner is in custody of any state authority nor does it indicate whether Petitioner has been convicted of a crime. The petition does not refer to any conviction or sentence to which Petitioner may presently be subject.  Instead, Petitioner claims the County of Kings, California, has failed to abide by a California law that every county establish a public defender's office.  The petition does not allege that Petitioner is one who would benefit from such an agency, were it established, or that he has standing to raise this claim on behalf of other, similarly-situated individuals.

I.     DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing

1

2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S. Ct. 1827 (1973); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003)("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence"); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

Petitioner alleges that Kings County is violating the constitutional rights of its citizens who are accused of crimes by failing to comply with California statutes and regulations requiring all counties in California to establish a public defender's office.[1]  As relief, Petitioner requests, inter alia, an order from this Court requiring Kings County to immediately come into compliance with state regulations regarding establishment of a public defender's office; that the Court issue an injunction against all criminal proceedings in that county until compliance is accomplished; and that the Court declare all criminal convictions within the last fifteen years that involved court-appointed counsel be declared illegal and unconstitutional.  (Doc. 1, pp. 3-4).

Assuming, for purposes of argument, that Petitioner is presently confined by Respondent, Petitioner is not challenging the fact or duration of that confinement.  No relief requested by Petitioner in his petition would affect the fact or duration of Petitioner's sentence, if indeed Petitioner is presently serving a sentence.  Therefore, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed.  Should Petitioner wish to pursue his claims, Petitioner must do so by way of some other legal avenue, e.g., a civil rights compliant pursuant to 42 U.S.C. § 1983 or a class action

---

[1] It is important to note that Petitioner is <u>not</u> contending that Kings County has deprived *any* of its criminal defendants of the right to appointed counsel in criminal cases, as required by the federal constitution.  Indeed, it appears that Petitioner himself was appointed counsel due to his indigence.  However, Petitioner contends California law requires the appointment of counsel through a duly established public defender's office.  Even were that true, it raises no cognizable federal habeas claim.  Violations of state law are not cognizable in federal habeas proceedings. Estelle v. McGuire, 502 U.S. 62, 67 (1991)("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'"), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-349 (1993)(O'Connor, J., concurring) ("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas").

suit against Kings County for failing to follow California law.[2]

**ORDER**

Accordingly, the Clerk of the Court is HEREBY DIRECTED to assign a United States District Judge to this case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the habeas corpus petition be **DISMISSED** for Petitioner's failure to state a cognizable federal habeas claims.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. **Within 21 days** after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within 10 days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **July 25, 2016**              **/s/ Jennifer L. Thurston**
                                      UNITED STATES MAGISTRATE JUDGE

---

[2] Under normal circumstances, when a petitioner has failed to state a cognizable federal habeas claim, the Court would grant the petitioner leave to file a first amended petition. However, in this case, it appears that the nature of the claim, i.e., a failure of Kings County to follow California law regarding the manner in which appointed counsel is chosen, cannot be amended in such a manner as to articulate a cognizable federal habeas claim. Accordingly, the Court is recommending dismissal without leave to amend.